STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. JOHN P. STEICHEN, RESPONDENT.
584 N.W. 2d 26

Filed September 18, 1998.   No. S-98-710.

WHITE, C.J., CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

Respondent, John P. Steichen, was admitted to the practice of law in the State of Nebraska on September 11, 1988.

On May 26, 1998, an application for temporary suspension was filed by the Committee on Inquiry of the Second Disciplinary District pursuant to Neb. Ct. R. of Discipline 12 (rev. 1996). Attached to the application were the affidavits of Marlie Maury Ernest, formerly known as Maurice Fokken, and Dennis G. Carlson, Counsel for Discipline.

The affidavit of Fokken stated that he sustained personal injuries while an occupant in an automobile which was struck by a vehicle driven by an uninsured motorist. At the time of the accident, Fokken was insured by State Farm Mutual Automobile Insurance Company (State Farm) and had medical payment and uninsured motorist coverages.

Fokken retained Steichen to represent him regarding the December 7, 1991, accident. Without Fokken's knowledge or consent, Steichen accepted a settlement offer from State Farm in the amount of $8,627.57, signed a stipulation for dismissal of the lawsuit with prejudice, signed Fokken's name and the name of Fokken's ex-spouse on a release and trust agreement, and endorsed their names on the back of a settlement check issued by State Farm in the amount of $8,627.57. Fokken had not given Steichen permission or authority to settle the lawsuit or to sign his name on a settlement check or any other document. Fokken had not received any portion of the proceeds from the settlement check.

Carlson's affidavit stated that on December 22, 1997, he received a disciplinary complaint filed by Fokken complaining of Steichen's conduct. Upon inquiry, Steichen told Carlson that the settlement proceeds had been deposited in Steichen's trust account at the time of the settlement, that Steichen had retained said funds in his trust account, and that Steichen would provide Carlson with records regarding the trust account. On March 2, 1998, Carlson was again informed that Steichen would forward his trust account records when they became available. Carlson then requested that Steichen fax to him Steichen's most recent trust account monthly balance statement.

On March 3, 1998, Carlson received a document which showed that on January 31, Steichen's trust account had a balance of $84,740.74, and Carlson later received a document which showed that on September 2, 1997, the balance in Steichen's trust account was $4,809.95. The documents show that Steichen has failed to properly account for the settlement proceeds that came into his possession in December 1996.

On August 14, 1998, Steichen filed a voluntary surrender of his license to practice law. Therein, Steichen stated that a true and accurate copy of the application for temporary suspension was attached to his voluntary surrender and that he had reviewed the allegations contained within the application, together with the attached affidavits. Steichen stated that for purposes of this voluntary surrender of license, he did not desire to contest the allegations contained within the application for temporary suspension, nor the allegations contained in the affidavits, and that he freely and voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, or hearing prior to the entry of such an order. Steichen admitted that his conduct violated Canon 1, DR 1-102(A)(6), of the Code of Professional Responsibility, as adopted by the Nebraska Supreme Court: "A lawyer shall not: . . . (6) Engage in any other conduct that adversely reflects on his or her fitness to practice law."

The court hereby accepts Steichen's surrender of his license to practice law and orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Steichen shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 1996), and upon failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

WRIGHT, J., not participating.